| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. 49C01-0310-PL-002942 |

SALLY MCCARTY, as Insurance Commissioner of the State of Indiana, )
)
)
Plaintiff )
)
vs. )
)
IGF INSURANCE COMPANY, )
)
Indianapolis, IN )
)
Defendant )

FILED
147
JUL 16 2004
CLERK OF THE MARION CIRCUIT COURT

**ORDER OF LIQUIDATION AND RELATED RELIEF**

Pursuant to the Court's Order of April 28, 2004, this matter came before the Court upon the Rehabilitator's Verified First Accounting and Petition For Order of Liquidation and Related Relief (hereinafter, the "Liquidation Petition"), filed on April 22, 2004. On April 28, 2004, the Court entered an Order, which, among other things, scheduled a hearing on the Liquidation Petition for July 16, 2004. On that date the Court held a hearing on the relief requested in the Liquidation Petition (the "Liquidation Hearing").

Written and published notice was given to interested persons as represented by the Rehabilitator at the Liquidation Hearing and shown by the Rehabilitator's Certificate of Compliance for Notice of Liquidation Petition and Recommendations Hearing ("Compliance Certificate"), filed on July 12, 2004.

The Rehabilitator appeared by her Special Deputy, Elizabeth A. Lovette, and by counsel, Robert F. Wagner and Theodore L. Nicholas, and presented evidence in support of the various

requests made in the Liquidation Petition through exhibits and the testimony of Elizabeth Lovette of Indiana Insolvency, Inc., and Brian Shuff as outside consultant to Indiana Insolvency, Inc.

No objections to this Court granting the Rehabilitator's Petition for Liquidation were lodged in opposition at the hearing. Public comments and questions, if any, were entertained.

At the hearing, the Rehabilitator also presented argument in support of the Rehabilitator's Recommendations Concerning Liquidation Procedures, Claims and Notices ("Recommendations") filed with the Court on April 29, 2004. By separate Order entered concurrently herewith, the Court has approved the Recommendations.

The Court, having considered the Liquidation Petition, the evidence, arguments, statements, and other matters presented by the Rehabilitator and her witnesses at the hearing, and being otherwise duly advised in the premises, now **FINDS** that:

1. IGF Insurance Company ("IGF"), is an Indiana domestic stock insurance company, with its principal place of business at 4720 Kingsway Dr., Indianapolis, Marion County, Indiana 46205. This Court has general jurisdiction under Ind. Code § 27-9-1-1 et. seq., over the rehabilitation and liquidation of IGF.

2. The written and published notice to interested persons evidenced by the Compliance Certificate filed by the Rehabilitator constitutes the best notice practical under the circumstances and meets the requirements of due process concerning such notice. Accordingly, this Court has constitutional as well as statutory power to enter an Order of Liquidation that is binding upon all parties and interested persons.

3. The Rehabilitator's First Accounting and the actions taken by the Rehabilitator with respect to IGF to the date of the First Accounting, should be approved.

4. IGF is insolvent, as that term is defined under Ind. Code § 27-9-1-2(l). Further attempts to rehabilitate IGF would be futile and would substantially increase the risk of loss to policyholders, creditors, and the public.

6. Sufficient grounds exist under Ind. Code § 27-9-3-5 and Ind. Code § 27-9-3-6 for the entry of an Order of Liquidation against IGF, and an Order should be entered under Ind. Code § 27-9-3-7.

**IT IS, THEREFORE, ORDERED** that:

1. IGF is insolvent.

2. The Rehabilitator's First Accounting is approved, and the Liquidation Petition is granted as to IGF. The rehabilitation proceeding concerning IGF commenced pursuant to the Order Granting Verified Petition for Rehabilitation, entered October 17, 2003, is terminated.

3. Indiana Insurance Commissioner Sally McCarty and her successors in office are appointed Liquidator of IGF pursuant to Ind. Code § 27-9-3-7 and are hereby vested with all powers provided by the Indiana Insurance Law, including but not limited to Ind. Code § 27-9-1-1 et seq. The Liquidator may do all acts necessary or appropriate to liquidate IGF.

4. The Court hereby directs the Liquidator to take possession of the assets of IGF as soon as practicable and to administer them under the general supervision of this Court. The Liquidator is directed to exercise any and all rights of IGF in connection with any collateral or other assets being held for the benefit of IGF by any person or entity. The Liquidator is vested by operation of law with the title to all of the property, contracts, and rights of action, and all of the books and records of IGF.

5. The Liquidator shall file accountings with the Court regarding the status of the

liquidation no less frequently than semi-annually. The Liquidator is authorized to employ, or to continue to employ, and to fix the compensation of such special deputies, counsel, agents, clerks, accountants, actuaries, consultants, assistants, and other personnel as she considers necessary. All compensation and expenses of persons employed by the Liquidator, or attributable to taking possession of IGF as part of the liquidation proceedings, shall be paid out of the funds and assets of IGF as a Class (1) expense under Ind. Code 27-9-3-40.

6. Pursuant to Ind. Code § 27-9-3-8, all of the certificates of coverage issued under IGF policies shall continue in force only until the earlier of: (a) 12:01a.m., Eastern Standard Time, on the date thirty-one days after the date this Order of Liquidation is issued ; (b) expiration or cancellation of the certificate of coverage by its own terms; (c) the date when the insured has replaced the coverage with equivalent coverage in another insurer or otherwise terminated the policy; or (d) the effective date when the Liquidator has effected a transfer of the certificate of coverage to another insurer. No interest will accrue on any policy, certificate, or contract of IGF beyond the periods or dates provided in this paragraph.

7. No suit, action, proceeding, or claim at law or in equity of any kind shall be brought, maintained, or further prosecuted or presented on behalf of or in the name of IGF or its Liquidator without the prior authorization of the Liquidator.

8. All secured creditors or parties, pledgees, lienholders, collateral holders, or other persons claiming a secured, priority, or preferred interest in any property or assets of IGF are hereby enjoined from taking any steps whatsoever to transfer, sell, encumber, attach, dispose of, or exercise purported rights in or against any property or assets of IGF without the prior approval of the Liquidator.

9. Pursuant to Ind. Code § 27-9-3-12, no action at law or in equity outside this Court, whether judicial, administrative or otherwise, may be brought, maintained or further prosecuted in any manner against IGF, its property or assets, wherever located, its Liquidator, or its former Rehabilitator, whether in Indiana or elsewhere, including, without limitation, all persons and entities are hereby enjoined from:

(a) obtaining any preference, judgment, attachment, garnishment, lien, constructive trust, injunction or restraining order, or declaratory relief against IGF, its property, or assets, or any part thereof, wherever located; or the levying of execution against IGF, its property or assets, or any part thereof, wherever located; or the repossession of the property or assets of IGF, or any part thereof, wherever located; or the commencement, prosecution, or further prosecution of any suit, action, or proceeding having any such purpose or effect;

(b) wasting or disposing of the bank accounts or any of the property or assets of IGF; or transferring the bank accounts, property, or assets of IGF; or the transaction of any business of IGF without the Liquidator's approval; or the withholding from the Liquidator of the books, accounts, documents, or other records relating to the business of IGF;

(c) making any sale or deed for non-payment of taxes or assessments that would lessen the value of the assets of IGF; and

(d) any other threatened or contemplated action that might lessen the value of the assets of IGF or prejudice the rights of insureds, policyholders, principals, shareholders, trustees or principals, or the administration of this proceeding under Ind. Code § 27-9.

10. The Order for Injunctive and Other Relief entered by this Court on October 31, 2003, and extended most recently on April 28, 2004, is hereby permanently extended with respect to IGF

and the Liquidator except for claims or other actions commenced in this Court as part of the Liquidation proceedings. The Order for Injunctive and Other Relief with respect to IGF insureds is hereby lifted as of the date of this Order.

11. This Court has, by an Order entered concurrently herewith, approved certain liquidation and claim filing procedures, including establishing March 31, 2005 as the "Bar Date" for the filing of claims against the estate of IGF. All persons and entities with claims against IGF are required to follow said procedures.

12. The Liquidator shall give appropriate notice of this Order of Liquidation and any the liquidation and claim filing procedures. The form of the Notice of Order of Liquidation attached hereto is approved and shall be issued by the Liquidator in compliance with Ind. Code § 27-9-3-10. The Liquidator is directed to mail, by regular first class United States mail, postage prepaid, within twenty (20) days of the date of this Order a copy of the Notice, a copy of this Order of Liquidation to the last known address as indicated in IGF's records or the records of the Liquidator for the groups of persons set forth in the Notice, and to cause the form of the Notice, as modified to delete the references to all enclosures, to be published once in a newspaper of general circulation Indianapolis, Indiana, within fourteen (14) days of the date of this Order. The mailings and publication required by this paragraph constitute the best notice practicable under the circumstances of the provisions of the Order of Liquidation and of the rights and duties of the interested persons with respect thereto and meets the requirements of due process concerning such notice.

13. Upon completion of the mailings and publication required by Paragraph 14 above, the Liquidator shall file with the Court a Certificate of Compliance identifying the groups of persons to whom mailings were made, the dates thereof, the name of the newspaper in which the publication

was made and the date thereof, and the amount of costs incurred in the printing, mailings and publishing.

14. The Liquidator shall serve all filings on all parties who have filed and entered appearances in this proceeding, and all other persons entitled to notice pursuant to Ind. Code § 27-9-3-10

15. The Liquidator is directed to maintain for inspection during regular business hours at the office of Indiana Insolvency, Inc., at 311 West Washington Street, Suite 103, Indianapolis, Indiana 46204, a duplicate set of the pleadings, orders, and other documents filed or entered in this proceeding. Any person wishing to obtain copies of pleadings, orders, or other documents, filed or entered in this proceeding shall make his or her request in writing to the Liquidator of IGF at the above address. IGF is directed to promptly provide copies of any documents filed in this proceeding, after receiving a written request to make such copies and in exchange for payment at the rate of $.25 per page, checks to be made payable to "IGF Insurance Company in Liquidation".

16. This Court determines that there is no just reason for delay and, in accordance with Rule 54(B) of the Indiana Rules of Trial Procedure, this Order of Liquidation is entered as a FINAL JUDGMENT.

Date: JUL 16 2004

Theodore M Sosin
JUDGE, MARION CIRCUIT COURT



OFFICIAL CERTIFIED COPY
C01
TRUE AND COMPLETE
CLERK OR DEPUTY
DORIS ANNE SADLER CLERK OF COURTS

<u>COPIES TO</u>:

Robert F. Wagner
Theodore L. Nicholas
LEWIS & WAGNER
501 Indiana Avenue
Suite 200
Indianapolis, IN 46204

All other persons entitled to notice pursuant to this Order and Ind. Code § 27-9-3-10.